# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY ALLEN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KIM BUTLER,[1] ) <br> ) <br> Respondent. ) | No. 13 C 9246 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

Petitioner Anthony Allen, who is currently incarcerated at Menard Correctional Center, is serving two concurrent life sentences for first degree felony murder and a concurrent term of thirty years for armed robbery. Allen has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss Allen's petition as time-barred, arguing that Allen failed to file it within the one-year limitations period and that equitable tolling does not apply. Respondent further argues that Allen's claims of ineffective assistance of post-conviction counsel are not cognizable on federal review. Because Allen's petition is untimely, the Court grants the motion to dismiss [12].

## BACKGROUND

On March 24, 1993, following a jury trial in the Circuit Court of Cook County, Illinois, Allen was convicted of two counts of first degree murder and one count of armed robbery. Allen participated in the robbery of a liquor store clerk and, as he and his codefendants were fleeing, their car struck another vehicle, killing the occupants. The Illinois Appellate Court affirmed his conviction and sentence on December 8, 1995. Allen's petition for leave to appeal ("PLA") was

---

[1] Kim Butler is presently the warden at Menard Correctional Center and is substituted as the proper Respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

denied by the Illinois Supreme Court on April 3, 1996.  Allen did not file a petition for a writ of certiorari with the United States Supreme Court.

After filing an unsuccessful motion for extension of time, Allen filed his petition for post-conviction relief under 725 Ill. Comp. Stat. § 5/122-1 in the Circuit Court of Cook County on August 29, 1996.  That petition was summarily dismissed and the Illinois Appellate Court affirmed the dismissal.  The Illinois Supreme Court denied Allen's PLA on March 31, 1999.

On July 12, 2000, Allen filed his first successive post-conviction petition in the Circuit Court of Cook County.  That petition was denied on July 21, 2000, but reinstated on July 28, 2000.  The circuit court denied the reinstated petition on January 10, 2001.

On November 3, 2008, Allen filed a petition for relief from judgment pursuant to 735 Ill. Comp. Stat. § 5/2-1401.  The circuit court denied that petition on December 16, 2008.  Allen appealed and the Office of the State Appellate Defender was appointed to represent him.  Allen's appointed attorney moved to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 259 (1987), arguing that Allen's petition did not present issues of arguable merit.  The Illinois Appellate Court granted the request to withdraw and affirmed dismissal of the § 1401 petition.  The Illinois Supreme Court denied the PLA on September 29, 2010.

On October 13, 2011, Allen filed a second successive post-conviction petition, but the circuit court denied Allen leave to file that petition.  *See* 725 Ill. Comp. Stat. § 5/122-1(f) ("Only one petition may be filed by a petitioner . . . without leave of the court.").  The Office of the State Appellate Defender was appointed as counsel for Allen's appeal of that denial.  Allen's appointed attorney concluded that an appeal would be without arguable merit and moved to withdraw as counsel pursuant to *Finley*.  The Illinois Appellate Court granted the request to

2

withdraw and affirmed the denial of leave to file a second successive post-conviction petition. The Illinois Supreme Court denied Allen's PLA on September 25, 2013.

Allen filed the instant *pro se* petition for writ of habeas corpus on December 23, 2013.

**ANALYSIS**

Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to petitions for a writ of habeas corpus. The limitations period typically begins to run on the date on which Allen's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Here, Allen's judgment became final on July 2, 1996, when the time for filing a writ of certiorari with the U.S. Supreme Court on his direct appeal expired. *See Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 653–54, 181 L. Ed. 2d 619 (2012) (judgment becomes final when time for pursuing direct review in Supreme Court expires); *Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002) ("Because the plain terms of section 2244 include the period for seeking direct review, regardless of whether or not a petitioner chooses to avail himself or herself of that opportunity, we believe that the ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run.").

The statute of limitations is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). From the time Allen's judgment became final until he filed his post-conviction petition on August 29, 1996, fifty-eight days of untolled time elapsed. The limitations period was then tolled until the Illinois Supreme Court denied Allen's post-conviction PLA on March 31, 1999. Therefore Allen had 307 days of untolled time, making his § 2254

3

petition due February 1, 2000. Allen filed his § 2254 petition on December 23, 2013, almost fourteen years too late.

None of Allen's subsequent post-conviction filings tolled the statute of limitations. Allen filed his first successive post-conviction petition on July 12, 2000, five months after the February 1, 2000 due date for his §2254 petition. For the purposes of § 2254 tolling, "a state proceeding that does not begin until the federal year has expired is irrelevant." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Therefore, none of the time the Illinois courts considered Allen's other post-conviction proceedings is counted in the tolling analysis. His § 2254 petition is untimely.

Allen does not address the statute of limitations issue in his response to the motion to dismiss. Rather, he reiterates points from his habeas petition. In the petition, Allen claims that the attorney appointed to appeal his §1401 petition denial failed to send him a copy of the *Finley* withdrawal brief in sufficient time for him to respond. Construing Allen's filings liberally, as the Court must do for *pro se* pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), this could be understood as an argument for statutory tolling. Section 2244(d)(1)(B) provides that the limitations period may start on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." The burden is high—Allen is required to demonstrate that the state-created restrictions prevented him from filing his petition. *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition."). However the alleged failure of Allen's appointed appellate counsel to timely tender the *Finley* brief is not "state action" for the purposes of §

2244(d)(1)(B). *See U.S. ex rel. Martinez v. Hodge*, No. 12 C 2012, 2012 WL 1965447, at *3 (N.D. Ill. May 31, 2012) ("The impediment to filing must be created by a state action, and it is well-established that 'a public defender does not act under color of state law when counsel to a defendant in a criminal proceeding.'" (quoting *Polk County v. Dodson*, 454 U.S. 312, 324–25, 102 S. Ct. 445, 70 L. Ed. 2d 59 (1981)). Section 2244(d)(1)(B) tolling does not apply.

Similarly, reading the response liberally, Allen argues that the Illinois courts created a change in the law of felony murder and accountability with *People v. Dennis*, 692 N.E.2d 325, 181 Ill. 2d 87, 229 Ill. Dec. 552 (1998), *People v. Shaw*, 713 N.E.2d 1161, 186 Ill. 2d 301, 239 Ill. Dec. 311 (1999), and *People v. Moore*, 873 N.E.2d 381, 375 Ill. App. 3d 234, 313 Ill. Dec. 757 (2007), such that 28 U.S.C. § 2244(d)(1)(C) & (D) should apply.[2] Per § 2244(d)(1)(C), the one-year statute of limitations period may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," and under § 2244(d)(1)(D), it may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Allen invokes both these sections for this argument; however, neither is applicable here. Allen does not present any new factual predicate for his claim—rather he is arguing that these cases created a new rule that the felony-murder escape rule is not applicable under an accountability theory—therefore § 2244(d)(1)(D) does not apply. Similarly, Section 2244(d)(1)(C) does not re-set the start date for this petition because by its own terms it applies only when the United States Supreme Court has newly recognized a federal constitutional right, not when a state changes the

---

[2] Allen frames this argument as one in support of grant of the writ. However, the Court considers the timeliness issue before reaching the merits. *See Bowers v. Buss*, 422 F. Supp. 2d 985, 987 (N.D. Ind. 2006) ("Modern habeas corpus law establishes several technical doctrines, including exhaustion, procedural default, and the statute of limitations, which a court must consider before reaching the merits of an applicant's claims.").

interpretation of its criminal laws. *See Latimore v. Roberson*, No. 14 C 2926, 2014 WL 6478110, at *5 (N.D. Ill. Nov. 19, 2014) ("This comports with the Supreme Court's repeated admonition that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)). Statutory tolling is not available to Allen.

In his response, Allen argues that he was prejudiced by his post-conviction counsel's failure to pursue various merits arguments, but does not specifically request equitable tolling. For equitable tolling of the one-year federal habeas limitations period, Allen bears the burden to show that (1) he has been diligently pursuing his right and (2) some extraordinary circumstance stood in his way to prevent his timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). The Court is to consider all the circumstances Allen faced and "the cumulative effect of those circumstances," instead of viewing each in isolation. *Socha v. Boughton*, 763 F.3d 674, 686 (7th Cir. 2014). Allen has not put forward any evidence of, and the Court cannot find any support in the briefing or record for, extraordinary circumstances. *Cf. id.* at 684–87 (finding extraordinary circumstances when petitioner lacked access to his legal file, spent large quantities of time in segregated status, had limited access to the law library, and appealed to the district court for an extension within the one-year window). And, as argued by Respondent, Allen cannot show diligence in pursuing his rights, as he waited over a year to file his first successive post-conviction petition after his initial post-conviction PLA was denied, over seven years to file his § 1401 petition after the denial of his first successive petition PLA, and over fourteen years to file his § 2254 petition after the expiration of the statutory limitations period. *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 419, 125 S. Ct. 1807, 161 L. Ed. 2d 669

(2005) (waiting five months after conclusion of state post-conviction proceedings to file federal habeas petition shows lack of diligence). Equitable tolling is not applicable here.

Respondent makes the additional point that Allen's ineffective assistance of post-conviction counsel claims are not cognizable on federal habeas review. In Count III of his petition, Allen alleges that appointed counsel for his § 1401 appeal and appointed counsel for his second successive petition appeal provided ineffective assistance. However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under § 2254." 28 U.S.C. § 2254(i). The recent Supreme Court cases *Martinez v. Ryan*, --- U.S. ----, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) and *Trevino v. Thaler*, --- U.S. ----, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), did not authorize ineffective assistance of post-conviction counsel as a "ground for relief" under § 2254. As the Seventh Circuit recently explained, "[i]n *Martinez* and *Trevino*, the Supreme Court held that procedural default caused by ineffective postconviction counsel may be excused if state law, either expressly or in practice, confines claims of trial counsel's ineffectiveness exclusively to collateral review." *Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014). The Supreme Court has determined that procedural default in bringing an ineffective assistance of trial counsel claim may, in rare occasions, be excused by post-conviction counsel's ineffectiveness. But this does not mean Allen may pursue separate claims related to post-conviction counsel's performance. *See Martinez*, 132 S. Ct. at 1320.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. In order to be entitled to a certificate of appealability, a habeas petitioner must make a substantial showing

of a denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(2)). A petitioner does this by showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Here, a reasonable jurist would not find this Court's ruling debatable because the petition is clearly time-barred. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss [12] is granted. Allen's petition for a writ of habeas corpus pursuant to 22 U.S.C. § 2254 is denied and the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c).

Dated: March 20, 2015

_____
SARA L. ELLIS
United States District Judge

8